■ COMMUNICATION WORKERS OF AMERICA, LOCAL 1170, et al., Respondents, v TOWN OF HENRIETTA et al., Appellants.— Order unanimously affirmed with costs. Memorandum: Respondents appeal from an order confirming an arbitration award and denying their cross petition to vacate the award. The matter was submitted to arbitration in accordance with the voluntary grievance arbitration procedure established by the Public Employment Relations Board (PERB) *(see,* 4 NYCRR part 207). The issue presented to the arbitrator arose from the termination of petitioner Vera Young from her employment by respondent Town of Henrietta. After testimony before the arbitrator was completed, but before he rendered his decision, the arbitrator urged the parties to pursue a settlement agreement *(see,* 4 NYCRR 207.11). The parties complied, and significant efforts were made to settle the dispute. It appears that lawyers for the parties orally agreed to terms of settlement which were reduced to writing and signed by respondent Breese, Supervisor of respondent town. Petitioners declined to sign the agreement. Nevertheless, respondents informed the arbitrator that he no longer had jurisdiction to make an award because the dispute was settled. Petitioners informed the arbitrator that the dispute was not settled and they insisted that an award be timely made *(see,* 4 NYCRR 207.13). In his written award, the arbi-

trator concluded that the efforts of the parties to settle "unfortunately resulted in a further disagreement". He found that Ms. Young was terminated without just cause and ordered her reinstatement with back pay.

Respondents' sole argument on appeal is that the arbitrator exceeded his power in making the award (see, CPLR 7511 [b] [1] [iii]) because the parties had settled their dispute. The argument is without merit. We conclude that the arbitrator had jurisdiction to make an award, and that the order confirming the award must be affirmed.

The parties to arbitration are free to adjust and settle their dispute "at any time before or during an arbitration hearing", and if a settlement is reached "the arbitrator, upon joint request of the parties, may set forth the terms of the settlement in the form of an award" (4 NYCRR 207.11). Here, the arbitrator was neither advised of nor presented with a mutually agreed-upon settlement. Instead, he was informed of a new controversy which, according to respondents, fell outside the scope of the submission (but see, Board of Educ. v Patchogue-Medford Congress of Teachers, 48 NY2d 812, 813). Even if we were to agree with respondents' contention that the arbitrator was not empowered to resolve the settlement issue, it would be of no avail to them. It is manifest that arbitration should not be terminated solely upon the controverted assertion of one party that a settlement has been reached. We find, therefore, that the arbitrator did not exceed his power in making the award.

Finally, although respondents filed with the PERB an improper practice charge protesting the refusal of petitioner Communication Workers of America to sign the written settlement agreement, no claim is made here that respondents' rights were prejudiced by "corruption, fraud or misconduct in procuring the award" (CPLR 7511 [b] [1] [i]). (Appeal from order of Supreme Court, Monroe County, Willis, J.—arbitration.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.